7-51-07 We're ready when you are, Mr. President. Good afternoon and please support. Along with my partner Mr. Kaplan, we represent parties who are class representatives for a class statute that was filed in the Court of Federal Claims. On behalf of all non-exempt Social Security employees who are paid for overtime hours by working either compensatory time or credit hours for hours worked in excess of 40 in a workweek at less than overtime pay. Both the Fair Labor Standards Act and provisions of Title V apply to these employees. These employees are also covered by a collective bargaining agreement between the American Federation of Government Employees and the Social Security Administration. Article 10, Section 3, Paragraph D of that contract provides that employees that are covered by the contract have to be compensated in accordance for overtime with the greater benefit as between the FLSA and Title V. There are three issues that are raised in this appeal. The first issue, raised for the first time in the government's responsive brief, is that of this court's jurisdiction to consider this appeal. We think that the court clearly has jurisdiction. We responded to that argument in our reply brief. We think that the briefs fully cover that and unless the court has questions about that, I'd like to limit my arguments today to the substantive issues in the case. Those issues are with regard to overtime compensation under the Fair Labor Standards Act. The trial court dismissed that claim, finding that credit hours or compensatory time, when it's a regular or occasional in nature, is allowed to be compensated by compensatory time off of credit hours on a one-hour basis for each hour of compensatory time spent by the employee, even if that compensatory time is overtime, that is, in excess of 40 hours in the workweek. Now, when you say dismissed, of course, we're covering both dismissed without prejudice part of the case and also dismissed for failure to state a claim. Correct. So it might be helpful to say which you mean because it ends up mattering. I mean dismissed for failure to state a claim upon which relief can be granted. Now, here's my first problem with the way that the parties have structured this appeal is it doesn't seem consistent with the judgment in this case because the judgment says that the FLSA claim with respect to comp time is dismissed without prejudice and the overtime paid claim with respect to irregular, occasional, or scheduled work is dismissed without prejudice. That sounds like the whole FLSA claim has been dismissed without prejudice. That's her judgment. And you're out of the thing. So you disagree that that's what she did? I disagree that that's what she did. I agree that's what the judgment says, but if you look at… That usually is pretty much the thing again. Well, I understand, except that if you look at the January 12th order and opinion and the March order and opinion, in both of those orders and opinions, the trial court judge says to the extent the parties are claiming that the FLSA requires overtime paid for compensatory time, that is an hour for hour is not allowed. The FEPCA does allow that and that fails to state a claim. Both of those opinions clearly state… Did we even notice this problem? Well, yes, but unfortunately only after the fact, after the order for judgment came out. When the court's January order came, the parties specifically went to the court and said, look, rather than amending the complaint because the only thing left open… I understand how that all came to pass. Right. And you made a proposal and the judge said, okay, you can go that way, but the proposal you made and the judgment that issued are not the same thing. The stipulation that is found at the appendix, page 441, says it's intended to dismiss those matters that were not ruled to be dismissed for failure to state a claim by the court. And the parties stipulated that in all other respects except for work scheduled in advance, the court's order had in fact dismissed for failure to state a claim. That was what the parties understood. We had this conversation with the court in a scheduling conference, and what I'm suggesting is the order that came out inadvertently doesn't reflect the understanding that the parties had and that the court had when we had that status conference. It's an unfortunate oversight, but I think for this court to say, gee, we don't have jurisdiction to consider that because that was dismissed without prejudice, really exalts form over substance in terms of what the court had really done, what the intent of the court was. If you look at the opinions of the court, both January and March opinions, there's no doubt if we had amended the complaint and said some of the overtime was regular and occasional, and most of it, and some small part was scheduled in advance, the court would have immediately issued an order dismissing the part that was irregular and occasional because she had already said that is clearly allowed by the FEPCA and it fails to state a claim. So we have a situation where two clear orders state that the FMLSA claim is dismissed for failure to state a claim. Unfortunately, a final judgment that doesn't pick up on that. It states that it was dismissed without prejudice. Now, the second issue is the overtime compensation under the collective bargaining agreement, which the trial court also dismissed for failure to state a claim. Now, it's undisputed that these employees routinely perform work that is compensated by comp time. It's also undisputed that when they do, they give one hour off for each hour of compensatory time that they work. It's also undisputed that at the end of a two-week pay period, 16 weeks, any comp time that has not been taken as time off is monetarily compensated at one and one-half times the employee's regular rate of pay. Now, our position is that the provisions of Title V don't apply. Or if they do, it's the same as the FMLSA. Section 5542C says that overtime is anything over 40 in a work week and it requires pay at time and one-half the employee's regular rate of pay. Now, the government concedes that the employees are, in fact, covered by the Fair Labor Standards Act and Section 207 of that act requires pay for work in excess of 40 hours in a work week at one and one-half times that regular rate of pay. However, the government says, and the court will agree, at least for a regular or occasional overtime, that 5 U.S.C. Section 5543 allows employees working comp time to be given one hour off for each hour of comp time work, even if that is work as overtime. Now, with the court's permission, if I may walk over to the exhibit we have here that refers to 5543 and the key parts of it that do, in fact, allow an agency on the request of an employee to grant the employee compensatory time off instead of payment under Section 7 for an equal amount of time spent in a regular or occasional overtime work. First of all, it says may, right? May, correct. Not required to, but on the request they may grant that time off. The key here is that it has to be compensatory time off instead of payment under Section 7. We know that payment under Section 7 is always, always at one and one-half times. Yes, but the next clause, which you've dealt with properly, says for an equal amount of time. Correct, Your Honor, and it says time off instead of payment for an equal amount of time spent. For that time off, instead of payment, which is always a time and a half to be for an equal amount of overtime, it would have to be at one and one-half hours rather than one hour in order to properly compensate the employee for overtime. Are you saying there's an ambiguity in the statutes? No, I don't think the statute is ambiguous. I think the statute is clear. Is there a conflict in the statutes? I don't think so, because I think the reference to equal amount of time refers to the amount of comp time that has to be given instead of payment. That's one and one. No, because since payment is always at one and one-half, then for the compensatory time instead of that payment to be for an equal amount of overtime. That's why it's ambiguous. Well, I think, I wouldn't use the word ambiguous. I think it's clear from the language. But don't they resolve that by the premise that the specific governs over the general and 5543 is specific in talking about compensatory time, which indicates an equal amount of time. Why isn't it one and one? Because that equal amount of time has to be for time off instead of payment. That's the key. If instead of payment under Section 7 wasn't here, I would agree with Your Honor that it may be ambiguous at best, but it does say time off instead of payment for an equal amount of time spent in a regular or occasional overtime work. And again, the key is if overtime work takes us back to Section 7, payment for that overtime has to be a time and a half. Let me see if I understand the way this works in practice. You've alluded to the practice before. I think this is right. Correct me if I'm wrong. The employee under this scheme effectively has a choice, which is the employee can either accumulate the overtime and then ultimately cash it in at the end of eight weeks or six weeks, whatever the period is, for one and a half times the employee's base rate of pay, correct? Or the employee, thanks to the benefit provided by 5543, has another choice, which is that the employee gives you a comp time, correct? Correct. All right. So when it says that the employee, the agency may or may request from the employee, that is to say the employee is saying, I don't want to get the pay. I want to get a comp time. That's what the instead of payment under Section 7 is. No. Here's how it works. Let me just finish. Because then, if that's true, then the compensation for time off seems to me to be the very thing that we're talking about when we then get down to say for an equal amount of time, that is equal to the amount of time off. Because the reference to Section 7 is just the employee's choice not to take that option, but instead to take the comp time. Here's how that works. It's not a choice the way your honor has described it. An employee may have more work to do than there are hours to do and go to a supervisor and say, I'd like to work overtime. And the supervisor may say, well, I won't authorize you to work overtime, but I'll authorize you to work comp time. And you can go ahead and work past the scheduled work time as compensatory time. That's generally the way that it works. Now, the question then becomes, when the employee works that one hour of comp time, is that overtime from the very moment it's worked or is it not? If it's not, then how at the end of 16 weeks does it become overtime? It's either a magical hour that converts from one hour to one and a half hours over 16 weeks, or it is indeed always an overtime hour, which is the construction that I suggest to the court comes from the language that you can grant the time off instead of payment for an equal amount of time spent in overtime work. It seems to me that if the government, some government agency is doing what you're suggesting, which is to say, no, no, we're not going to pay you. You've got to take it in comp time. I would think then they have a complaint that that's inconsistent with the language of the statute. But if that's not what's, this case is not about that, then I don't see why the employee's choice here, which by 5543 looks like the employee's choice, in some sense takes away everything that the FLSA is. Well, I think the omnipressive employee deals with that very issue. That is that they can't be forced to take comp time. The supervisor can't come up and say, you must work comp time tonight, as opposed to you must work overtime tonight. I think it's more the way I suggested it, that the employee comes to the supervisor and says, I have work to do and I want to work overtime. No, I won't authorize overtime. I'll authorize you to work comp time. And what I'm suggesting to the court is the way we see it, there's no difference in those two. There can't be a difference in those two if they pay them ultimately, if they don't take the time off, a time and a half. It has to, at the very moment it's work, it's got to be worth something. It's overtime work if it's more than 40 hours in a work week. And if you're going to pay for it monetarily a time and a half, then it's impossible for us to see how it could be anything other than that when it's time off. And indeed, if you look at the regulations under 5543, or in fact, the second sections of 5543 themselves, those regulations at 531, 551.531 of 5 CFR, sections D and E deal with compensatory time and they say specifically in E, the dollar value of compensatory time off when it is liquidated, or for the purpose of applying pay limitations, is the amount of overtime pay the employee otherwise would have received for the hours of pay during which comp time off was earned by performing overtime work. This depends on your time as applied, but since we asked you a lot of questions, we'll give you three minutes. We'll let it back. Let's see if Mr. Deardorff. All right. Thank you, Your Honor. May it please the court. In this case, appellants have not argued up until today that they were forced to take overtime. And I think today there is a, for the very first time, a suggestion that they were in fact forced to take this compensatory time off. That's not a complaint. I think to be fair to Mr. Benson, that was in response to my line of questioning about why my payment to them wasn't necessarily balanced. I'm not sure that's an argument that they're making as to the basis for their relief, so much as it was a response to a question. Yes, Your Honor. I think it's an important point because if they had alleged that they were forced to take compensatory time off, as Your Honor suggested, that would state a claim upon which relief could be granted. But alleging that under the statute that taking the time off, and then now they want to pay, there's no, they don't state a claim upon which relief can be granted. Let me ask you a question going to the first point that you raised in your brief, the jurisdictional point. You've had a chance to read the reply brief which cites our case in Maestrom. It strikes me of others that essentially follow the same suggestion in Maestrom that dismissal without prejudice is an issue to render remaining claims in a case appealable by virtue of final order. Do you withdraw your argument as to jurisdiction, or what's your position now with respect to Maestrom? Maestrom is a close call, Your Honor. But I believe that Your Honor referred to the cases that follow Maestrom. I don't believe there is any case citing Maestrom in the Federal Circuit. To my knowledge, there's, as far as I'm aware, I spent a little time this morning copying down a couple of cases, but of course I lost track of them. E-Pass Technologies, Liquid Dynamics, Silicon Images, I mean, they're all patent cases. I could be wrong, but my research is that there is no case following Maestrom or holding explicitly that there is jurisdiction following a dismissal without prejudice. There are CAA systems or CAA screenplates. Even if you're right, there is no case following Maestrom. Maestrom is Maestrom. Well, in Maestrom, it was really dicta. In the original Maestrom case, or the Federal Circuit's decision in Maestrom, the issue of whether or not a dismissal without prejudice is appropriate wasn't really before the court because, in that case, they hadn't done a dismissal without prejudice. There was a subsequent decision. But jurisdiction resolves before the court. And when we've sent cases back to our logic finale, we've looked very carefully at questions of that nature. Yes, Your Honor. Again, I think it's a close call. In that case, I believe it's dicta. There was a subsequent decision by this court that accepted jurisdiction where there was a dismissal without prejudice. Without discussion of that issue, it wasn't really contested. I think, to some extent, it conflicts with the CAA screenplates decision. But, again, it's a close call. If you look outside this circuit, the law is all over the place. You find decisions for various propositions from the same circuits, other circuits than this one. So I think it's a very close call with respect to jurisdiction. But you maintain that we don't have jurisdiction. Correct, Your Honor. You're not walking away from that. No, Your Honor. Now, there are two district court claims dismissed. For lack of jurisdiction, the breach of contract claims and dismissed for failure to state a claim, the statutory claims. Now, going back to the chart in the 5543A, I think the key thing here is this language for an equal amount of time. It doesn't say an equal amount of value, an equal amount of dollars, an equal amount of utility. It just says an equal amount of time. My question is what is an equal amount of time to one hour? One hour is equal to one hour. The unambiguous language of that statute controls with respect to compensatory time off. There's a similar provision, or I guess with credit hours. Credit hours isn't even overtime, so that doesn't even come into play. But with respect to compensatory time off, the unambiguous language controls and an equal amount of time is an equal amount of time. One hour is one hour. Even if the court were to find that that statute is ambiguous, then the regulations state that it's provided on an equal basis, one hour for one hour. In addition, the legislative history is consistent with this, and they discuss that sort of equal amount of time off. With respect to credit hours- My understanding, I take it, is the same on this. The way this works is I'm an employee. I have a choice between cashing out my overtime or taking a comp time on a one-for-one basis. If I cash out, I get one and a half. If I just take the hours, I get one. That's my choice in the federal system, right? In terms of all people, it's equal to 543 plus. Director, I don't know if that's a statutory provision, but at least in this case, it is a situation that if a certain number of pay periods go by, then it's cashed in at one and a half times. But I think this is one of their arguments in support of their claim, but it actually goes against them because all it shows is that they had this choice all along, and since they're not alleging that they were forced to take time off at one times the rate, then they state no claim under the FOSA. Presumably, all the plaintiffs here have been given compensation time, compensatory time, right? Correct, Your Honor. So they're asking for an extra 50% compensatory time, as you understand it, or one and a half times the pay for those hours, one of those two remedies? Your Honor, as I understand it, their primary argument is that federal employees should not get compensatory time off, period. They should not have that option whatsoever. The FOSA governs, controls when you have Title V and FOSA. The FOSA controls, and no federal employee including these get- But if comp time, then one and a half. Then if comp time, then one and a half, I think is their view. Retrospectively, setting aside any future-looking objective relief, one would sort this out by perhaps adding 50% compensation time? Your Honor, I'm not sure how that would be sorted out. I mean, I'm not sure that- Part of the issue is one hour of time. They took the one hour of time. That was their choice. They took the one hour of time. They thought it was worthwhile to get time off. Presumably, if they're right, that they get now half the time, and then they're entitled to another half hour of time for every hour of compensatory time that they take. So I guess that would be one way to address at least the backup part. Your Honor, we haven't briefed that. We haven't addressed that issue. I'm just trying to sort out what the downstream consequences of the two partisan positions would be. Your Honor, they also have a breach of contract claim. As we indicated in our brief, a breach of contract related to federal employee pay and benefits is governed by statute, not contract. And therefore, the court does not have jurisdiction, or the trial court does not have jurisdiction, to address a breach of contract claim related to federal employee pay and benefits. They distinguish a long line of cases that we cite by stating that those cases hold merely that the benefits and the pay cannot be increased beyond the statute. And all they're really arguing is that they want what the statute provides. But essentially, this is an argument that they have wasted the time of the Court of Federal Claims, and now they are wasting the time of this Court with a superfluous claim. Because if, in fact, they're only seeking what the statute provides, then they could just allege, as they have, a violation of the statute and dismiss the contractual claim. That's not what they're doing. They're appealing the dismissal of the breach of contract claim. So their way of dismissing or distinguishing those cases, I think, has to be suspect. The federal employee benefits are governed by statute, not by contract. What's the significance of the CBA then? Well, the CBA provides various benefits, but there is a procedure for addressing those benefits, and that's the grievance procedure. This is procedural, not substantive. I'm sorry, what is procedural? The CBA. Well, they may provide – it has a variety of terms, including security, pay, a variety of things that are governed by the CBA. But you can't sue for a breach of that agreement or a breach of the CBA in court. What you have to do is you follow the grievance procedure. And the court – this court, the Court of Proclaims, has never had jurisdiction to entertain a breach of contract. Well, help me here. As I understand the way you view the landscape here is that for things that would conventionally be called pay benefits, which are directly addressed by statute, the CBA cannot vary those terms at all. And there's no jurisdiction for anyone to sue on the CBA. Even if the CBA says everybody in the organization gets $500,000 a year, it's meaningless. It's absolutely unenforceable. It's just trumped by the statutes, correct? Well, it may be that they could receive more than the statute according to the CBA. The only way for them to enforce that would be to follow the grievance procedure, the procedure set forth in the- Well, now I am confused. Are you saying that the CBA can create greater rights for the employees for pay, let's say? The CBA could say that everybody in the Department of Commerce gets $200,000 a year, and they would have grievance rights under the CBA, and they would be able to get good arbitration and win their arbitration award? Well, Your Honor, I think that's a separate issue from the argument. Well, I think it's a separate issue, but I'm trying to get a feel for how this plays out. I thought the government's position was you get what Congress says you get, and no matter who tells you you get more, you don't. Your Honor, I think that, again, it's a different position. I think there could be, if that came to grievance, could the government defend on the basis that has precluded on the basis of statute? I think they probably could, but that's not our argument. Our argument is that whatever the CBA provides, it provides things other than paying benefits, security, and just a whole host of things, 200 pages or more long, that whatever that provides, that there's no right to pursue a contract claim in the Court of Federal Claims or any court, that there is no Congress to not provide it. And you're almost implying that there can't be an added pay benefit, the CBA additive over what's provided statutorily, but it's simply not in the Court. Well, you're saying you go to grievance. Well, I'm trying to agree to reward more than the statute provides. Your Honor, that may be true, and that's, again, this is not our argument, though. That is an issue I think that would be a challenge for plaintiffs. The CBA is putting it in wheels with respect to benefits covered by statute. Your Honor, that may be, but, again, our argument is just really with respect to the jurisdiction of the Court of Federal Claims that there's no jurisdiction to assert these claims, whether or not— We understand. We're just trying to understand the landscape. Yes, Your Honor. I take it, though, however that question gets resolved, that the CBA does have undisputed effect in an area that isn't necessarily covered by statute, such as in various working conditions provisions, such as people will get a 15-minute break twice a day or there will be adequate locker room facilities or something for people to change into their uniforms. So that kind of thing would be enforceable under the CBA, correct, whether it be by grievance or even conceivably by lawsuit after the amendment of the statute. Is that correct? Well, I think they could possibly enforce their claim through the CBA, through the grievance procedure. But could they file suit in the Court of Federal Claims? I think the answer is no. But the federal employee pay and benefits, that whole line of cases, may not come into play. It may, depending on whether it's construed as employee pay and benefits. But if you're seeking injunctive relief and not seeking money relief from the Court of Federal Claims, could they go into the district court? Thanks to the addition of the word administered into the statute. Well, I think, Your Honor, in that case, then the grievance procedure in the CBA comes into play. And that grievance procedure isn't stated the same way as the CSRA A-1 as amended in 1994. The language in the CBA says this is the exclusive procedure. It doesn't say exclusive administrative procedure. It says this is the exclusive procedure available to bargaining and employees, the union or the administration, for the resolution of grievances. That's this particular CBA. That's this one, yes. And probably many others. But if the CBA didn't have that, the particular CBA in question didn't have that clause in it, then presumably the district court can't intercede. Your Honor, I can't speak to that. I think it would be a question of whether or not that's construed as being part of federal employee pay and benefits. And I think in a lot of cases, I mean, the pay and benefits doesn't go just to whether you're getting cash for each hour of work. It's also retirement benefits. It's the position that you're appointed to. There are a whole host of things that are covered in the employee pay and benefits that this court and the Supreme Court have held that this is governed by statute, not contract. Plaintiffs also rely upon Mudge and O'Connor. But in those cases, they address statutory violations. And in those cases, this court held that there was jurisdiction based on that change in 1994 in AA1. But here they're alleging not only statutory claims but also the contractual claims. And we haven't alleged with respect to the statutory claims that there's no jurisdiction. We just alleged that with respect to the contractual claim that there's no jurisdiction. Therefore, the change to AA1 and Mudge and O'Connor aren't on point here because the dismissal for lack of jurisdiction was with respect to the breach of contract claims. And Mudge and O'Connor couldn't undo in the 1994 change to AA1, couldn't undo the long line of cases stating that federal employee pay and benefits are governed by statute, not contract. Let me ask you the same question I asked Mr. Vincent. What do you think we should do about the seeming lack of meshing between the court's opinion and the judgment? Do you perceive the same lack of meshing that I do? Yes, Your Honor. Yeah, disconnect. Yes, Your Honor. Your Honor, I think plaintiff's counsel and the government were, I guess, more or less on the same page in thinking what that opinion meant until, at least on our side, the government side, when we received the March decision, it became clear that what was going on was not what we thought. I mean, the judgment. The judgment is different. That's what happened in March. Right. And the judgment does not dismiss, with prejudice, the compensatory time off. It does dismiss, without prejudice, the credit hours claim. But with respect to compensatory time off, it does not dismiss, with prejudice, that claim. The part of it. Irregular, at least. Well, compensatory, and then the overtime pay with respect to irregular, as opposed to scheduled. Well, I think it doesn't dismiss any of that with respect to compensatory time off. The statutory claim for compensatory time off, I think St. Paul. When you say dismiss, you mean dismiss with prejudice. That claim is opposed to dismiss without prejudice. Correct. It does dismiss. It just dismisses without prejudice. Correct. Okay.  Well, I think it's certainly an issue. I mean, St. Paul Marine and Fire, I think, you know, touches upon this issue. You know, there's possibly a jurisdictional issue there. But we argue, as a primary jurisdictional argument, the other argument, which is about without prejudice. Right. But suppose we decide to follow Nystrom with respect to your principal jurisdictional argument. What should we do about the apparent lack of consistency between the judgment and the court's opinion and the parties' stipulation? What does the government want us to do with respect to that issue? Assuming we get by the non-vitality argument. Your Honor, I would say the proper course then would be to dismiss this appeal with respect to that issue. Because I think at that point it would be under no appealable judgment with respect to that issue. And I guess it would be a good point with respect to that issue. When you say that issue, you mean the entire comp time and overtime pay argument and send it back to the Supreme Court to decide that? If you win the rest of the case, that means you're losing that potential chunk of your judgment. If that's okay with you? No, I think the answer would be that for this court, this court would not have jurisdiction with respect to that particular claim, the compensatory time off. But you're losing that for purposes of this appeal. Well, I guess more than that, they could then somehow reassert that claim later on or appeal. But since it was all without prejudice, presumably they could. Well, I think there's always that issue. I mean, there's always that potential that the claims that they've dismissed without prejudice would be still alive. Well, thank you, Mr. Nierberg. Thank you, Your Honor. Mr. Benson, I'll give you three minutes for rebuttal. Thank you, Your Honor. I'll try to be brief. Mr. Nierberg said that the regulations say that comp time is hour for hour. There is nothing in any regulation, part of 5 CFR, there's nothing in any Title V statute that says compensatory time or credit hours are hour for hour, one hour for one hour, other than the interpretation that the trial court gave to 5543, which I've already taken up with the court. With regard to the collective bargaining agreement issue, as I mentioned, that says that the employees are entitled to the greater benefit as between two statutes that apply to them. The greater benefit for having worked hours in excess of 40 in a work week is compensation of one and one-half times the regular rate of pay. After this court's decision in Mudge and O'Connor, it's absolutely clear that an employee who is subject to a collective bargaining agreement can bring a claim for a grievance of that contract initially in the Federal Court of Claims. The sole administrative remedy is the grievance procedure, but there is still, after this court's decision, the opportunity for an employee to bring a claim directly in the Federal Court of Claims, which is what was done here. The question of the waiver of that right by virtue of the grievance procedure itself, Mudge didn't address. Instead, referred it back to the Federal Court of Claims, and in the third iteration of that, which we cite in our brief, Mudge III, the Federal Court of Claims said there is no merit to the government's argument that the grievance procedure itself waives the employee's rights granted by Mudge and O'Connor to bring the claim for a grievance in directly in the Court of Claims. That's what was done here, and even if the court is inclined to take up the issue of the FLSA Comptine Claim and were to give it the same interpretation, there's still the breach of contract claim, a valid binding contract between the government and these employees for a provision that says they're entitled to the greater benefit for having worked overtime. The greater benefit is paid at one and one-half times, or if you're going to grant comp time in lieu of that, comp time instead of pay, it would have to be one and one-half hours off. Justice Bryson, the argument or the issue you raised, the answer is it's either got to be paid as an additional .5 hours or an additional .5 hours have to be allowed as time off. In order for that time off- But for somebody who's already gotten the comp time, which would be presumably all of your clients- They've already gotten one straight hour of pay, and that was the other- Wait, they wouldn't have gotten an hour of pay. They would have gotten an hour of comp time, presumably. Yes, but when they get that hour, it's in a work week. Let me show you an example of how this works. If an employee is working at $10 an hour, they're paid $400 for a 40-hour week. If they work one hour of overtime and are paid for it, they get their $400 plus one hour at time and a half, $15, for a total pay of $415 with premium pay of $15. If they take an hour off, time off instead of that payment, for that time off to be for an equal amount of time spent, they would have to work 38 and a half hours in a work week and still be compensated for the $400 regular 40-hour work week. If that's the case, they would have 38 and a half hours of work time and $400 of pay, meaning that $15 premium from up here they would still receive. That's how it works. They get another hour off in another work week, but they're paid their full pay for that week. For those employees who have already gotten one hour of comp time off, what they're missing is either a half an hour of pay or a half an hour off of work. If it's only hour for hour, you see what happens is they work 39 hours in a subsequent week, get still paid their $400, but they've only gotten $10 for that hour off. There's no premium pay if it's hour for hour. Thank you, Your Honor. Thank you, Your Honor.